# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:08CV295-T-03
## (1:06CR31-08-T)

| | |
|---|---|
| MICHAEL DALE HONEYCUTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed July 7, 2008,[1] and "Motion to Amend Prior Filing in Accordance With Fed. R. Civ. P. 15(a)." For the reasons stated herein, Petitioner's motion to amend will be allowed and Petitioner's motion to vacate is granted.

---

[1] Although Petitioner's § 2255 motion was filed July 7, 2008, the Court will grant Petitioner's motion to amend and his document captioned "Notice of Appeal (in the Alternative)," filed January 11, 2008, will be treated as a § 2255 motion, and is, therefore, timely filed.

## I. PROCEDURAL HISTORY

On April 4, 2006, Petitioner and eleven co-defendants were charged in a one-count indictment with conspiracy to manufacture and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. **Bill of Indictment, filed April 4, 2006**.

On June 16, 2006, Petitioner entered into a plea agreement with the Government wherein he agreed to plead guilty as charged in the indictment. **Plea Agreement, filed June 16, 2006, at 1**. The Government and Petitioner stipulated that the amount of the mixture of methamphetamine reasonably foreseeable to him was at least 500 grams but less than 1.5 kilograms. *Id.* **at 2**. By signing the plea agreement, the Petitioner also agreed to waive his right to contest his conviction or sentence on appeal or in any post-conviction proceeding, except on the grounds that he was subjected to ineffective assistance of counsel, prosecutorial misconduct, and for very limited issues regarding his sentence. *Id.* **at 5**.

On July 5, 2006, Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty plea. The Magistrate

Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered. **Rule 11 Inquiry and Order of Acceptance of Plea, filed July 5, 2006**. The Magistrate Judge specifically asked Petitioner if he had discussed his right to appeal and if he understood that by signing the plea agreement and entering the guilty plea that he would be greatly limiting his right to directly appeal his conviction or sentence or to collaterally challenge those matters in a post-conviction proceeding. *Id*. **at 8.** Petitioner stated, under oath, that he understood those limitations. *Id*. The Magistrate Judge also asked Petitioner if he understood and agreed with the terms of his plea agreement. *Id.* **at 7**. Again, under oath, Petitioner answered in the affirmative. *Id*. Based on these and the other answers given by Petitioner, the Magistrate Judge found that his guilty plea was knowingly and voluntarily made and that he understood the charges, penalties, and consequences of the plea. *Id.* **at 9**. Accordingly, the Magistrate Judge accepted Petitioner's plea. *Id*.

On January 4, 2007, the Court held a sentencing hearing and sentenced Petitioner to a term of 168 months imprisonment. **Judgment in a Criminal Case, filed January 23, 2007**. Petitioner did not file a timely

notice of appeal. Instead, approximately a year later on January 11, 2008, Petitioner filed a "Notice of Appeal (in the Alternative)," with an attached "Out of Time Notice of Appeal." By Order filed January 18, 2008, this Court construed Petitioner's "Notice of Appeal (in the alternative)" as a motion to extend time for filing an appeal and noted that the Clerk had transmitted the Petitioner's "Out of Time Notice of Appeal" to the Fourth Circuit. **Order, filed January 18, 2008, at 1, n.1.** Because the Court had no jurisdiction to extend the time for filing the appeal, Petitioner's "Notice of Appeal (in the Alternative)" was denied. *Id*. **at 2 (noting Petitioner's request was made outside the 30-day period provided by Fed. R. App. R. 4).**

On February 7, 2008, Petitioner filed a motion for reconsideration of the Court's January 18, 2008, Order, arguing that the heading on his previous "Notice of Appeal (in the Alternative)" was incorrect and should have been styled as a motion pursuant to § 2255. Petitioner requested that the Court grant him leave to withdraw his notice of appeal so that he could pursue relief pursuant to § 2255. **Motion for Reconsideration, filed February 7, 2008.** Because the Petitioner's "Out of Time Notice of Appeal" had been forwarded to and docketed by the Fourth Circuit, this Court lacked jurisdiction to grant Petitioner's request to withdraw his appeal.

Therefore, the Court denied his motion to reconsider and request to withdraw his appeal, and he was advised to file the appropriate motion with the Fourth Circuit Court of Appeals. **Order, filed February 28, 2008, at 2;** *see also* **Letter dated March 12, 2008, to Petitioner from appellate counsel,** *attached to* **Petitioner's Memorandum in Support of § 2255 Motion, filed July 7, 2008**. On March 26, 2008, the Fourth Circuit dismissed the Petitioner's appeal pursuant to Fed. R. App. P. 42(b). *United States v. Honeycutt*, **No. 08-4124 (4th Cir., Mar. 26, 2008)**.

Thereafter, on July 7, 2008, Petitioner filed the instant motion to amend, asking that his previously filed "Notice of Appeal (in the Alternative)," be construed as a § 2255 motion and that the completed § 2255 petition attached to the motion to amend be substituted therefor. **Motion to Amend, filed July 7, 2008**. In his § 2255 motion, Petitioner's sole claim is that he instructed his attorney to file a notice of appeal; however, despite his repeated inquiries to his attorney that have gone unanswered, no appeal was filed. **Motion to Vacate, filed July 7, 2008, at 5;** *see also*, **Petitioner's Affidavit,** *attached to* **Motion, ¶¶ 6-10.**

## II. DISCUSSION

The law is well settled that an attorney's failure to file an appeal when requested by his client to do so is *per se* ineffective assistance of counsel, irrespective of the merits of the appeal.  ***United States v. Poindexter*, 492 F.3d 263 (4th Cir. 2007); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993); *see also Evitts v. Lucey,* 469 U.S. 387, 391-405 (1985) (same)*;* *United States v. Witherspoon,* 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).**

The Fourth Circuit agreed with a petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial[.]" ***Poindexter, supra*, at 267.**  That Court also held that counsel's conduct would be prejudicial under these circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal.  ***Id.* at 273.**  In cases such as this one, a petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," but that is a statutory right which simply cannot be taken away.

*Id*; *see also Rodriguez v. United States,* 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

Here, Petitioner has alleged that his right to a direct appeal and, therefore, the effective assistance of counsel, was violated by counsel's failure to file a direct appeal as he had requested. More particularly, Petitioner avers that immediately after his sentencing hearing, he instructed his attorney to file an appeal; that counsel indicated he would do so; and that counsel did not file the requested appeal. **Petitioner's Affidavit, *supra.***

Even if the Court were to require the Government to file a response with an affidavit from Petitioner's former attorney denying this allegation, the relevant legal precedent makes it necessary for this Court to grant Petitioner's motion to vacate only as to that limited issue, thereby allowing him to proceed with a direct appeal. The prescribed remedy is to vacate the original judgment and enter a new judgment from which an appeal can be taken.

Therefore, in accordance with the case law of this Circuit, the Court will vacate the original judgment, enter an amended judgment which

reimposes the same sentence, and file a notice of appeal on Petitioner's behalf.

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to amend is **ALLOWED**, and his "Notice of Appeal (in the Alternative)" filed January 11, 2008, is hereby amended to reflect a motion made pursuant to 28 U.S.C. § 2255, and as such, the § 2255 motion is deemed timely filed.

**IT IS FURTHER ORDERED** that the Petitioner's § 2255 motion is **ALLOWED** as reflected by the Judgment filed herewith.

Signed: July 16, 2008

Lacy H. Thornburg
United States District Judge