THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:06cr31-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL DALE HONEYCUTT. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Amendment to the Presentence Investigation Report and Correct Sentence" (sic), which is construed as a motion to reduce his sentence.[1] [Doc. 278].

The Defendant was convicted, after a guilty plea, of conspiracy to manufacture and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§846 & 841(a)(1). [Doc. 261]. He was sentenced to a term of 168 months imprisonment. [Id.]. The sentence was based on the calculation of his Total Offense Level as 32 and his Criminal History Category as IV which resulted in a United States Sentencing Guideline range of 168 to

---

[1] The Defendant styled the caption with his name as the Petitioner. However, he identified his filing with the Court File Number of his criminal appeal (08-4750), thus causing the Clerk of this Court to file it in his criminal case, not in his prior civil case which was brought pursuant to 28 U.S.C. §2255.

210 months imprisonment. [Doc. 211]. Of particular import here, the Government did not file a Bill of Information notifying the Defendant of any predicate offense which would enhance his statutory sentence. 21 U.S.C. §851. Nor was he sentenced as a career offender. 18 U.S.C. §924(e)(1); U.S.S.G. §4B1.1. In fact, his sentence was not enhanced in any manner; he was sentenced based on a guideline range derived from his Total Offense Level and Criminal History Category.[2]

The Defendant believes, however, that he is entitled to relief pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the United States Court of Appeals for the Fourth Circuit held that

> when deciding whether a North Carolina conviction is a predicate offense for sentencing enhancement purposes, the Controlled Substances Act's inclusion of offenses "punishable by imprisonment for more than one year" refers to the maximum sentence that the defendant in question could have received, not the sentence that could have been imposed on a defendant with a more severe criminal history or one subject to an aggravated sentence. The reasoning in Simmons applies with equal force to predicate convictions [pursuant to 18 U.S.C. §922(g) and the Armed Career Criminal statute].

United States v. Smith, __ F.App'x. __, 2012 WL 11222 (4th Cir. 2012). The Defendant here did not receive any sentencing enhancements. His prior state

---

[2]Due to the drug quantities involved, the Defendant faced a statutory minimum sentence of ten years; however, the Guideline range exceeded that minimum. 21 U.S.C. §841(b)(1)(A)(viii).

2

court convictions were used only to calculate his Criminal History Category. U.S.S.G. §§4A1.1, *et. seq*. Therefore, Simmons has no bearing on the Defendant's sentence.

Even if the Defendant had undertaken to file this motion in his closed civil case he would still be unable to obtain any relief because it is not timely. Since Simmons is a decision of the Circuit Court rather than the Supreme Court, it does not allow for a new one-year period for filing pursuant to §2255(f)(3), and the Defendant's filing was made more than one year past the Supreme Court's decision in Carachuri-Rosendo v. Holder, __ U.S. __, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010), on which Simmons was based. McClain v. United States, 2012 WL 294422 (W.D.N.C. 2012).

**IT IS, THEREFORE, ORDERED** that the Defendant's Amendment to the Presentence Investigation Report and Correct Sentence, which is construed as a motion to reduce his sentence [Doc. 278] is hereby **DENIED**.

Signed: March 5, 2012

Martin Reidinger
United States District Judge

3