# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06CR31-8

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MICHAEL DALE HONEYCUTT, ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

This matter came before the Court on a bond revocation hearing, which was held on September 10, 2018. Defendant was present with his attorney, Anthony Alan Coxie, and the Government was represented by Assistant United States Attorney Don Gast. For the reasons addressed, Defendant's bond is revoked, and he shall be detained pending further proceedings.

**I.      Background**

On May 9, 2018, Defendant appeared before the undersigned for an initial appearance for a supervised release violation petition. Defendant consented to detention for cause to obtain admittance into Swain Recovery Center ("Swain").

On May 14, 2018, the undersigned conducted a detention and preliminary hearing. Defendant was ordered to remain detained.

On July 2, 2018, Defendant appeared before the undersigned regarding a motion to release him into Swain. The motion was granted, and Defendant was released to his father for transportation to Swain in Black Mountain, North Carolina. Defendant was released on

a $25,000 unsecured bond with standard bond conditions of pretrial supervision that included a return to court on one positive drug test and attend and complete inpatient substance abuse treatment at Swain. Defendant was ordered to sign a release form for U.S. Probation to receive medical records.

On August 24, 2018, Defendant appeared before the undersigned regarding a motion for bond review. Defendant was ordered to remain on bond with standard bond conditions of pretrial supervision that included a return to court on one positive drug screen. Defendant was ordered to submit to home detention with location technology and abide by all program requirements. Defendant was also ordered to comply with all terms and conditions of the Swain Recovery Discharge Summary for aftercare and further substance abuse treatment.

Also, on August 24, 2018, a urinalysis was collected from Defendant, and it yielded a positive result for amphetamines. On August 27, 2018, Defendant admitted using Adderall on August 23, 2018, prior to his release from Swain.

## II. Legal Standard

Title 18, United States Code, Section 3148(b)(1) provides as follows:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1) finds that there is—
(A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
(B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—
(A) based on the factors set forth in section 3142(g) of this title, there

is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

### III. Discussion

Based on the evidence before this Court, the undersigned finds that Defendant violated subsection (8)(p) of his Conditions of Release, which directed him to "refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner." Def.'s Conditions (# 433). The Court concludes that there is probable cause to believe that Defendant committed a Federal, State, or local crime while on release. Specifically, Defendant consumed a controlled substance without a prescription from a licensed medical practitioner.

It is the opinion of the undersigned that based on Defendant's actions, it is unlikely he will abide by any condition or combination of conditions of release. Consequently, the undersigned has determined that an order revoking Defendant's unsecured bond and his terms of pretrial release previously issued in this matter and enter an order detaining Defendant.

### IV. Conclusion

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond (# 437) and terms and

conditions of pretrial release (# 436) entered in this matter are hereby **REVOKED**, and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: September 10, 2018

Dennis L. Howell
United States Magistrate Judge